WESLEY LIBERTY WIEDMER, PROSECUTOR, v. WEST JER-
SEY AND SEASHORE RAILROAD COMPANY ET AL., RE-
SPONDENTS.

Decided October 3, 1924.

**Eminent Domain—Railroad Lines Intersecting Public Ways, Also
Running Longitudinally—Right of Corporation to Condemn
Questioned—Limited Nature of Order Questioned—Longi-
tudinal Use of Street Considered.**

On *certiorari*.

Before Justices KALISCH and CAMPBELL.

For the prosecutor, *Clarence Cole.*

For the respondents, *Bourgeois & Coulomb.*

PER CURIAM.

This writ brings up for review an order of June 21st,
1924, made by Mr. Justice Campbell, appointing commis-
sioners to fix the compensation and assessed damages for the
taking of property of the prosecutor for the purposes of
respondent.

The railroad tracks of the respondent are legally in Phila-
delphia avenue, in Wildwood Crest, up to the point where
the easterly property line of the prosecutor, if extended,
would intersect the centre line of said avenue and the re-
spondent is proposing to continue such tracks from such
point in front of the property of prosecutor diagonally
through and across Philadelphia avenue to the northerly
side thereof, there entering a private right of way westerly
of Lotus road, which will also be crossed at its intersection
with Philadelphia avenue by such tracks.

Three reasons are urged why this order should be set aside

1. That there is no power in the respondent to condemn
the lands in the public highway.

This is upon the theory that the tracks, when extended, will run longitudinally in Philadelphia avenue. We think that this is not so, but that it will be simply a crossing of Philadelphia avenue from the centre thereof to the northerly line.

2. The order is too limited and restricted, in that it makes no provision for damages to the remaining land of the prosecutor as required by law.

We find that this reason is not well founded and that the order does make proper provision for fixing compensation and assessing damages as required by the statute.

3. The pretended ordinance referred to in the petition for the order was without the power of the city of Wildwood to enact, and its enactment was not procured and by the method required by law.

In view of our finding that the proposed extension of the tracks is not a longitudinal use of Philadelphia avenue, this reason is without application, but if it does apply to the situation before us, then this court has said in *Philadelphia and Camden Ferry Co. v. Intercity Link Railroad Co.*, 73 N. J. L. 86 (at *p.* 89), under quite similar circumstances, that such a reason is without merit, because the proceeding in condemnation was framed to comply with the provision of section 34 of the General Railroad act.

We conclude, therefore, that the writ of *certiorari* should be dismissed, with costs.